IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                                                Case No. 07-20168-18-JWL

**Shannon Perez,**

       **Defendant.**

## **MEMORANDUM & ORDER**

In February 2009, defendant Shannon Perez entered a plea of guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute and to distribute 5 kilograms or more of cocaine. The court sentenced Mr. Perez to a 120-month term of imprisonment and a five-year term of supervised release. Mr. Perez began his term of supervision in November 2016. This matter is now before the court on Mr. Perez's motion for early termination of his supervision. The government opposes the motion. As will be explained, the motion is granted.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). Mr. Perez contends that early termination is appropriate because he has successfully reintegrated into the community, he has maintained full-time employment with the same employer since his release and has enjoyed an increase in responsibilities in his employment; he has strong and stable ties

to his family, church and home; and he is in good standing with the probation office. Importantly, the probation office supports Mr. Perez's request for early termination.

The government opposes Mr. Perez's motion for two reasons. First, the government contends that Mr. Perez's request violates the plea waiver contained in the plea agreement in which Mr. Perez agreed to waive his right to appeal or collaterally attack his sentence, including the length of supervised release. The government has advanced this argument in two other cases before the court and the court has rejected that argument both times. *See United States v. Darthard*, 09-20156 (doc. 49) and *United States v. Clark*, 07-20168-16 (doc. 1869). Because the waiver language in Mr. Perez's plea agreement is the same as the waiver language in those other cases (in that the waiver is limited to the right to challenge a sentence in the context of a collateral attack), the court reiterates its holding in those cases and finds that Mr. Perez's motion for early termination of his supervision does not violate the waiver because it is not a collateral attack. The court will not spend any more of its time addressing what it believes is a totally meritless argument.[1]

Second, the government argues that there is an insufficient basis for early termination, particularly because Mr. Perez has not shown extraordinary circumstances warranting early termination and has a criminal history that warrants continued supervision. But it is significant

---

[1] The government acknowledges that the court has previously rejected the argument that it is advancing here. Nonetheless, the government asserts, without citation to authority, that Mr. Perez's motion is somewhat different because his request for early termination constitutes a request for a sentence below the low end of the Guidelines in violation of his promise in his plea agreement to "not request a sentence below the low end of the guideline range." The court is not persuaded that Mr. Perez's agreement had anything to do with supervised release (as opposed to the term of imprisonment) and, in any event, is not persuaded that a motion seeking early termination constitutes a "request" for a certain "sentence." The government's argument is rejected.

to the court that the probation office has determined that Mr. Perez meets the eligibility criteria set forth in the applicable statutes and in Monograph 109, § 380.10—Early Termination. The probation office is the most familiar with Mr. Perez's circumstances and conduct since his release and is in the best position to assess the need for continuing supervision. Moreover, the eligibility criteria, contrary to the government's suggestion, do not mandate "extraordinary circumstances" demonstrating that an individual is "worthy of special consideration." *See United States v. Harris*, 258 F. Supp.3d 137, 149-50 (D.D.C. 2017) ("[C]onstruing § 3583(e)(1) to require the defendant to exhibit objectively extraordinary or unusual conduct during supervision is a stretch not expressed in the statutory text."); *United States v. McFadden*, 2017 WL 68649, at *2 (D.N.J. Jan. 5, 2017) (a defendant need not show extraordinary circumstances to merit a reduction of supervised release). The government directs the court to no authority from this Circuit supporting its argument that an individual seeking early termination of supervision must demonstrate extraordinary conduct in additional to full compliance with the terms of supervision.

In short, the court concludes that termination of Mr. Perez's supervision is warranted in light of the factors in § 3553(a) and is in the interest of justice. He has successfully reintegrated into the community as evidenced by his connections to his family and church; he has maintained consistent employment with the same employer and has increased his responsibilities with that employer; and he is in good standing with the probation office. The court is persuaded that termination of supervised release is warranted here. Accordingly, the court grants the motion, and defendant's term of supervised release is hereby terminated.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Perez's motion for early termination of supervised release (doc. 1867) is **granted** and defendant's term of supervised release is hereby terminated.

**IT IS SO ORDERED.**

Dated this 6th day of December, 2018, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge